UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CITY OF TAYLOR POLICE AND FIRE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL INC., et al.,<br><br>                Defendants. | Civ. No. 10-00851 JNE/JJK<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF BUILDING TRADES UNITED PENSION TRUST FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL<br><br>DATE:        June 16, 2010<br>TIME:         9:30 a.m.<br>COURTROOM:  6A |

523425_1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................... 1

III. ARGUMENT ........................................................................................................ 2

    A. The Pension Trust Fund Should Be Appointed Lead Plaintiff ..................... 2

        1. This Motion Is Timely ........................................................................ 3

        2. The Pension Trust Fund Has the Largest Financial Interest in the Relief Sought by the Class ............................................................ 3

        3. The Pension Trust Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ....................................................... 3

    B. The Court Should Approve the Pension Trust Fund's Selection of Counsel ........................................................................................................ 5

IV. CONCLUSION ..................................................................................................... 6

I.      **INTRODUCTION**

Presently pending in this district is a securities class action lawsuit on behalf of all purchasers of St. Jude Medical Inc. ("St. Jude" or the "Company") common stock between April 22, 2009 and October 6, 2009 (the "Class Period") against St. Jude and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act"). In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(i). The Building Trades United Pension Trust Fund (the "Pension Trust Fund") should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Trust Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Zimmerman Reed, P.L.L.P. as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

II.     **STATEMENT OF FACTS**

St. Jude develops, manufactures, and distributes cardiovascular and implantable neurostimulation medical devices worldwide. The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, defendants failed to disclose: (i) that the Company was experiencing a slowdown in demand for its products as hospitals

- 1 -

reduced purchases and delayed purchasing decisions; (ii) that the Company was not receiving anticipated orders for cardiac rhythm management devices; and (iii) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its earnings and prospects.

On October 6, 2009, St. Jude issued a press release reporting that the Company was reducing its earnings guidance for the completed third quarter. In response to this announcement, the price of St. Jude common stock declined from $38.24 per share to $33.40 per share on extremely heavy trading volume.

### III.    ARGUMENT

#### A.    The Pension Trust Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 2 -

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Trust Fund meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice published in this action on March 18, 2010 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from March 18, 2010, or May 17, 2010. *See* Affidavit of David A. Rosenfeld in Support of Building Trades United Pension Trust Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Rosenfeld Aff."), Ex. A. Because this Motion is being filed on May 17, 2010, the Motion is timely and the Pension Trust Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Trust Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Trust Fund lost approximately $142,000 due to defendants' misconduct. *See* Rosenfeld Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, the Pension Trust Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Trust Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "Courts have consistently held that at this stage the

Rule 23 considerations are limited to the questions of typicality and adequacy." *Averdick v. Hutchinson Tech., Inc.*, 2006 U.S. Dist. LEXIS 47445, at *9 (D. Minn. 2006) (Davis, J.). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). "Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members." *Averdick*, 2006 U.S. Dist. LEXIS 47445, at *10. "For purposes of appointing lead plaintiff, a movant is adequate if: (1) the movant is qualified, experienced, and generally able to conduct the proposed litigation; and (2) the movant does not have interests antagonistic to those of the class." *Id.* at *11. The Pension Trust Fund satisfies these requirements at this stage of the litigation.

The Pension Trust Fund has submitted a sworn certification confirming its desire, willingness and ability to serve as lead plaintiff. *See* Rosenfeld Aff., Ex. B. As an institutional investor with prior experience serving as a lead plaintiff in securities class actions, the Pension Trust Fund is qualified and able to conduct this litigation. Like all class members, the Pension Trust Fund purchased St. Jude stock during the Class Period at allegedly inflated prices and suffered damages as a result. *See* Rosenfeld Aff., Exs. B-C. Indeed, the Pension Trust Fund's $142,000 loss indicates it has the incentive to represent the claims of the class vigorously. *Id.* Moreover, the Pension Trust Fund is not subject to unique defenses and is not aware of any conflicts between its claims and those asserted by the class. Finally, as discussed below, the Pension Trust Fund has selected qualified counsel experienced in securities litigation.

- 4 -

523425_1

The Pension Trust Fund's common interests shared with the class, its substantial financial interest and its selection of qualified counsel demonstrates that the Pension Trust Fund *prima facie* satisfies the Rule 23 inquiry at this juncture.

### B. The Court Should Approve the Pension Trust Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Pension Trust Fund selected Robbins Geller and Zimmerman Reed P.L.L.P. to represent it and the class in this litigation as lead and liaison counsel, respectively. Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Rosenfeld Aff., Ex. D. District courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g., Averdick*, 2006 U.S. Dist. LEXIS 47445, at *25 (appointing Robbins Geller lawyers as lead counsel); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). As such, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins

Geller and Zimmerman Reed.  *See* Exs. D, E.  Accordingly, the Pension Trust Fund's selection of counsel should be approved.

## IV. CONCLUSION

The Pension Trust Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pension Trust Fund respectfully requests that the Court appoint the Pension Trust Fund as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  May 17, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN
PHILLIP G. FREEMON
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
pfreemon@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

- 6 -

ZIMMERMAN REED, P.L.L.P.
CAROLYN G. ANDERSON, No. 275712
BRIAN C. GUDMUNDSON, No. 336695
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)
Carolyn.Anderson@zimmreed.com
Brian.Gudmundson@zimmreed.com

[Proposed] Liaison Counsel