UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re ST. JUDE MEDICAL, INC. SECURITIES LITIGATION This Document Relates To: ALL ACTIONS. | ) ) ) ) ) ) ) ) ) ) ) Case No. 10-cv-00851 (SRN/TNL) CLASS ACTION ORDER GRANTING LEAD PLAINTIFF BUILDING TRADES UNITED PENSION TRUST FUND'S MOTION TO CERTIFY CLASS, APPOINT CLASS REPRESENTATIVE, APPOINT CLASS AND LIAISON COUNSEL, AND APPROVE CLASS NOTICE |

751782_1

WHEREAS, Lead Plaintiff Building Trades United Pension Trust Fund ("Building Trades") moves the Court for certification of a class of investors in the publicly traded securities of St. Jude Medical, Inc. ("STJ") to pursue this litigation under §§10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. §240.10b-5;

WHEREAS, the motion was e-filed on August 31, 2012 as Dkt. No. 74;

WHEREAS, the Court has reviewed the Lead Plaintiff Building Trades United Pension Trust Fund's Memorandum of Law in Support of Its Motion to Certify Class, Appoint Class Representative, Appoint Class and Liaison Counsel, and Approve Class Notice, and all of the documents submitted in support thereto; and

WHEREAS, defendants STJ, Daniel J. Starks, John C. Heinmiller, Eric S. Fain, and Michael T. Rousseau have filed a statement of non-opposition to the relief requested in Building Trades' motion;

NOW, THEREFORE, based on the evidence currently before the Court, the Court makes the following findings of fact and conclusions of law, and issues the following Order:

**FINDINGS OF FACT**

1. The class is so numerous that joinder of all members is impracticable.

2. There are questions of law and fact common to the Class. Common questions of law and fact predominate over any questions affecting only individual class members. The class members' claims will be proved or disproved by the same evidence.

3. Building Trades' claims are typical of absent class members.

4. Building Trades, like the absent class members, purchased STJ stock on an efficient market and is therefore presumed, like the absent class members, to have relied on defendants' alleged misrepresentations and omissions.

5. The evidence before the Court is sufficient to establish, at this stage, that the market for STJ stock is efficient. During the class period, the average weekly trading volume of STJ stock exceeded 2%, numerous market analysts covered and issued reports about STJ, more than 800 institutions owned STJ securities on behalf of individual investors, STJ was eligible to file an SEC Form S-3 short form Registration Statement, empirical evidence demonstrates that STJ stock traded in an efficient market, STJ maintained a class period market capitalization of over $10 billion, the average closing bid-ask spread was less than 0.1%, and the public float exceeded 95% of shares outstanding.

6. Building Trades will fairly and adequately protect the interests of the class.

7. A class action is superior to other available methods for the efficient adjudication of the claims asserted.

## CONCLUSIONS OF LAW

Based on the facts addressed above, and the evidence in the record before it, the Court finds that this action meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

\* \* \*

## O R D E R

1. This action is certified as a class action pursuant to the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

751782_1

2. The class definition and class period are:

All persons who purchased or otherwise acquired the publicly traded securities of St. Jude Medical, Inc. between April 22, 2009 and October 6, 2009, inclusive. Excluded from the Class are: (i) defendant St. Jude Medical, Inc., its parents, subsidiaries, and any other entity owned or controlled by St. Jude Medical, Inc.; (ii) defendants Daniel J. Starks, John C. Heinmiller, Eric S. Fain, and Michael T. Rousseau; (iii) all other executive officers and directors of St. Jude Medical, Inc., or of any of its parents, subsidiaries, or other entities owned or controlled by St. Jude Medical, Inc.; (iv) all immediate family members of the foregoing individuals, including grandparents, parents, spouses, siblings, children, grandchildren, and step-relations of similar degree; and (v) all predecessors and successors in interest or assigns of any of the foregoing.

3. The Court appoints Building Trades as class representative.

4. The Court appoints Robbins Geller Rudman & Dowd LLP as lead class counsel and Zimmerman Reed, P.L.L.P. as liaison class counsel.

5. The Court approves the form of notice to the class, attached hereto as Exhibit A. Building Trades shall provide notice to the class in a form substantially similar to Exhibit A within 45 days of the date this Order is issued.

IT IS SO ORDERED.

Dated: October 25, 2012

                                         s/Susan Richard Nelson
                                         THE HONORABLE SUSAN RICHARD NELSON
                                         UNITED STATES DISTRICT JUDGE

- 3 -
751782_1

Submitted by:

DATED: August 31, 2012

ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN
MATTHEW S. MELAMED
ARMEN ZOHRABIAN


              s/ Matthew S. Melamed
            MATTHEW S. MELAMED

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
mmelamed@rgrdlaw.com
azohrabian@rgrdlaw.com

Lead Counsel for Plaintiff

ZIMMERMAN REED, P.L.L.P.
CAROLYN G. ANDERSON, No. 275712
BRIAN C. GUDMUNDSON, No. 336695
1100 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)
Carolyn.Anderson@zimmreed.com
Brian.Gudmundson@zimmreed.com

Liaison Counsel for Plaintiff