## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re ST. JUDE MEDICAL, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | **JUDGMENT IN A CIVIL CASE**<br><br>Case Number:  10-cv-851 (SRN/TNL) |

☐ **Jury Verdict.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3.  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the Settlement contained therein, are, in all respects, fair,

reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among

competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled the Lead Plaintiff

and the Defendants to have adequately evaluated and considered their positions.

4.   Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice. The Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

5.   Upon the Effective Date, Lead Plaintiff and each of the other members of the Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, will fully and finally release, to the fullest extent that the law permits their release in this Action, as against the Defendants, their past and/or present directors, officers, employees, consultants, agents, distributors, attorneys, insurers, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators, all Released Claims (including, without limitation, Unknown Claims), regardless of whether such Class Member executes and delivers a Proof of Claim Form.

6.   Lead Plaintiff and all Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

7.   Upon the Effective Date, the Defendants and each of the other Released Parties on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, will fully and finally release as against all plaintiffs in the consolidated action, any other Class Member and Plaintiffs' Counsel, and their respective past and/or present directors, officers, employees, consultants, agents, distributors, attorneys, predecessors, successors, parents, subsidiaries, assigns, devisees, heirs, executors, trustees, and/or administrators, all Released Parties' Claims.

8.   The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

9.   Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Parties may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

12. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants' insurers, then this
Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

|  |  |
|---|---|
| June 15, 2015 | RICHARD D. SLETTEN, CLERK |
| Date |  |
|  | s/Thomas S. Schappa |
| (By) | Thomas S. Schappa , Deputy Clerk |